IN THE UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

TIMOTHY OLIVER, #232660                                         **PLAINTIFF**

V.                                                        **CIVIL ACTION NO. 1:04cv499RRo**

**CAPTAIN RICK GASTON, OFFICER**
**PARTAIN AND OFFICER CRAFT**                              **DEFENDANTS**

**MEMORANDUM OF AUTHORITIES IN SUPPORT OF MOTION**
**FOR SUMMARY JUDGMENT OF CAPTAIN RICK GASTON,**
**IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES**

COMES NOW, the Defendant, Captain Rick Gaston, in his Official and Individual Capacities, by and through his counsel of record, Dukes, Dukes, Keating and Faneca, P.A., and files this his Memorandum of Authorities in support of his Motion for Summary Judgment, and would respectfully show unto the Court the following, to wit:

**I. Factual Background and Procedural History**

Plaintiff filed this pro se suit against Captain Rick Gaston on July 22, 2003, alleging violations of his constitutional rights while incarcerated at the Harrison County Adult Detention Center ("HCADC"). In his Complaint, Plaintiff claims that Captain Gaston is liable to him for damages incurred due to an alleged violation of his constitutional rights. Plaintiff essentially claims that while incarcerated, Captain Gaston used excessive force on him during the process of Plaintiff being transported to the Baldwin County Sheriff's Department. Specifically, Plaintiff alleges that on or about October 10, 2003, when he was exiting booking in the custody of two Baldwin County Sheriff's Department transporting officers, an oral argument ensued between he and Captain Gaston. Plaintiff contends that this argument elevated in such a way that

Plaintiff spit on Captain Gaston's shirt, and as a result, Captain Gaston hit him around the face and head with his fist and clipboard. Plaintiff seeks monetary damages for his alleged injuries and for mental anguish.

Plaintiff's medical records show that he is HIV positive; therefore, the employees at the HCADC were aware of this medical condition, including Defendant, Captain Gaston **(See Affidavit of Dianne Gatson-Riley, Exhibit "A" to Motion for Summary Judgment)**. According to the Affidavits of Defendant, Captain Gaston, and witness, Sergeant Caldwell **(See Exhibits "B" and "C" to Motion for Summary Judgment)**, the physical altercation which occurred between the Plaintiff and Defendant began when the Plaintiff spit on the Defendant and began to kick at Defendant. The Defendant, along with the transporting officers, took Plaintiff to the floor in order to gain control over the Plaintiff. The Plaintiff began spitting again, and a scuffle ensued where the Defendant attempted to shield himself from the Plaintiff's spit while trying to gain control over Plaintiff. The Defendant utilized only the force necessary to restrain Plaintiff. Once the Defendant and the Baldwin County Sheriff's Department transporting officers gained control of Plaintiff, Plaintiff was led outside and placed into the transport van where he again began spitting at the Defendant.

On or about August 10, 2004, Defendant filed his Answer, Defenses, and Affirmative Defenses, denying the allegations in the Complaint. In addition, on August 11, 2004, the Defendant propounded discovery to the Plaintiff, consisting of Interrogatories, Requests for Production of Documents, and Requests for Admission **(See Exhibit "D" to Motion for Summary Judgment)**. On September 6, 2004,

Plaintiff served responses to the Defendant's Interrogatories, but to date, Plaintiff has not served responses to the Defendant's Requests for Production of Documents or Defendant's Requests for Admissions.

Of particular significance where the following Requests for Admissions:

**REQUEST FOR ADMISSION NO. 1:** Admit that you have no evidence to support your claim that the Defendant was in anyway responsible for any of the incidents alleged in your Complaint.

**REQUEST FOR ADMISSION NO. 2:** Admit that you have no evidence of any policy, custom, or practice of the Harrison County Sheriff that caused any of the allegations asserted in the Complaint.

**REQUEST FOR ADMISSION NO. 3:** Admit that you have no evidence that the Defendant acted with deliberate indifference to your constitutional rights.

**REQUEST FOR ADMISSION NO. 4:** Admit you have no physical, documentary, circumstantial, or other tangible evidence which supports the allegations contained in your Complaint.

**REQUEST FOR ADMISSION NO. 5:** Admit that you were never physically injured in any manner during the period of your incarceration at the Harrison County Adult Detention Center.

**REQUEST FOR ADMISSION NO. 6:** Admit that you did not file a grievance relating to the matters outlined in your Complaint.

**REQUEST FOR ADMISSION NO. 7:** Admit that the Defendant did not violate your constitutional or any other rights.

## II. Legal Analysis

A.  **Standard of Review**

Summary Judgement is appropriate, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a

judgment as a matter of law." Fed. R. Civ. P. 56(c). A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits which it believes demonstrate the absence of a genuine issue of material fact. See Celotex Corporation v. Catrett, 477 U.S. 317, 325 (1986). Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. See id. at 324-25. While the court must "review the facts drawing all inferences most favorable to the party opposing the motion," see United States Steel Corp. v. Darby, 516 F. 2d 961 (5th Cir. 1975); Howard v. City of Greenwood, 783 F. 2d 1311 (5th Cir. 1986), the party opposing the motion may not rest upon mere allegations or denial in its pleadings, but must set forth specific facts showing the existence of a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). That is to say that the non-moving party must go beyond the pleadings and his own affidavits, or by the "depositions, answers to interrogatories, and admissions on file, 'designate' specific facts showing that there is a genuine issue for trial." Thomas v. Harris County, 784 F. 2d 648 (5th Cir. 1986); See Fed. R. Civ. P. 56(e).

## B.    Plaintiff Official Capacity Claims

Claims against governmental agents or officers in their official capacities are essentially claims against the governmental entity itself. See Moore v. Carroll County, Miss., 960 F. Supp. 1084, 1087 n.3 (N.D. Miss. 1997). The suit is against the office that the employee holds and not the actual employee. See Kentucky v. Graham, 473 U.S. 159, 165 (1985). Plaintiff's official capacity claims against Defendant are in reality claims against the office of the Sheriff of Harrison County. Since the Sheriff's Office is

4

a local governmental entity, Plaintiff must demonstrate that his claims are actionable under the U.S. Supreme Court's jurisprudence regarding municipal liability.

A plaintiff must establish the existence of three elements to make a claim for section 1983 municipal liability: (1) the existence of a policy maker; (2) the existence of an official policy; and (3) the violation of constitutional rights whose "moving force" is the policy or custom. See Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978); Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001). According to the U. S. Court of Appeals for the Fifth Circuit, municipal liability cannot be predicated on the theory of respondeat superior, so that the alleged unconstitutional conduct must be directly attributable to the municipality through some sort of official action. See Piotrowski, 237 F.3d at 578.

"Isolated, unconstitutional actions by municipal employees will almost never trigger liability." Id. The three requirements for municipal liability outlined above are necessary in order to distinguish between individual violations by local employees and those that can be fairly attributed to conduct by the governmental entity itself. See id. Thus, municipal liability cannot be imposed for individual unconstitutional acts of lower level employees. See id. Instead, the alleged constitutional violation must occur pursuant to an official custom or policy in order for municipal liability to exist. See id. Monell established a high threshold of proof in this regard by stating that the official policy must be the "moving force" behind the alleged violation. See id. at 580. An official policy cannot normally be inferred from a single unconstitutional act. Finally, a plaintiff must show that the municipality was deliberately indifferent to the known

5

consequences of the allegedly unconstitutional custom or policy. Poor judgment alone is not facially unconstitutional. See id.

In this case, there is no official capacity claim because there is no allegation or evidence that Defendant was a policy maker. In addition, Plaintiff was asked in Interrogatory No. 14 propounded to him by the Defendant, "Do you contend that Sheriff George Payne had an official policy, practice or custom which resulted in injury or damage to you?", Plaintiff answered "No." **(See Exhibit "E" to Motion for Summary Judgment)**. Thus, essential elements of any official capacity claim are absent, and all official capacity claims should be dismissed with prejudice. In the alternative, even assuming all of Plaintiff's allegations are true, at worst what Plaintiff has alleged is an isolated unconstitutional act by a municipal employee, which "will almost never trigger liability." Piotrowski, 237 F.3d at 578.

## C. Plaintiff's Individual Capacity Claims Are Subject To the Qualified Immunity Defense

While the generic pleading requirements of Fed. R. Civ. P. 8 govern suits against Defendants in their official capacity, see Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002), suits against officers in their individual capacities must allege specific conduct giving rise to a constitutional violation. See id. This standard requires more than conclusory assertions alone to overcome the qualified immunity defense. See id.; Elliott v. Perez, 751 F.2d 1472, 1479, (5th Cir. 1985).

Plaintiff's Complaint lacks the specific allegations required to overcome the qualified immunity defense to the individual capacity claims against Defendant. Defendant, as a law enforcement official in his individual capacity, is entitled to assert

the defense of qualified immunity. See Gagne v. City of Galveston, 805 F.2d 558, 559 (5th Cir. 1986). When addressing a qualified immunity defense, the inquiry involves first, whether the asserted constitutional violation implicates a clearly established constitutional right at the time of the event, and second, if the Plaintiff meets this threshold, whether the Defendant-official's conduct was objectively reasonable in light of clearly established law at that time. See Hare v. City of Corinth, 36 F.3d 412, 414 (5th Cir. 1994); Salas v. Carpenter, 980 F.2d 299, 305-06 (5th Cir. 1992). The initial burden is on the Defendant-official to plead his good faith and establish that he was acting within the scope of his discretionary authority. Once the Defendant has met this element, the burden shifts to the Plaintiff to rebut the qualified immunity defense by establishing that the official's conduct violated clearly established constitutional law. The burden of demonstrating that the official did or did not violate a clearly established federal right then lies with the Plaintiff, not the official. See Salas, 980 F.2d at 306.

With regard to the first prong of the qualified immunity defense, Plaintiff has not properly alleged a claim of excessive force pursuant to Section 1983, as will be more fully described below in Section D. For this reason, Plaintiff's individual capacity claim should be dismissed because he did not properly state a violation of a constitutional right. Nevertheless, Defendant is also entitled to qualified immunity because his conduct under the circumstances was objectively reasonable and he was acting within the scope of his discretionary authority.

The objective reasonableness inquiry focuses on whether a reasonable person would have believed his conduct was constitutional in light of information available to him in the clearly established law. See Glenn v. City of Tyler, 242 F.3d 307 (5th Cir.

7

2001). Under this standard, even those law enforcement officers who reasonably but mistakenly violated the constitution received immunity. See id.

In this case, it is an undisputed fact that the physical altercation which occurred between the Plaintiff and Defendant began when the Plaintiff spit on the Defendant **(See Complaint and Affidavit of Captain Rick Gaston, Exhibit "B" and Affidavit of Sergeant Caldwell, Exhibit "C" to Motion for Summary Judgment)**. Defendant and the transporting officers took immediate action to gain control of Plaintiff by taking him to the floor in order to restrain him. Plaintiff began spitting again, and the Defendant attempted to shield himself from the Plaintiff's spit during the scuffle to subdue Plaintiff. The Defendant utilized only the force necessary to restrain Plaintiff. Once the Defendant and the transporting officers gained control of Plaintiff, Plaintiff was led outside and placed into the transport van where he again began spitting on the Defendant. Defendant's actions were objectively reasonable in order to maintain the order and security of the jail, and his actions were also reasonable to preserve not only Defendant's health but also the health of Sergeant Caldwell and the transporting officers. In addition, Plaintiff has not provided any evidence showing he was physically injured during this altercation, and Plaintiff also failed to respond to Defendant's Request for Admission No. 5. Therefore, it should be conclusively established that Plaintiff was not physically injured in any way during this physical altercation. Even if Plaintiff did establish that he suffered injuries due to the incident, such injuries would more than likely be a result of the scuffle which occurred when the three officers were

trying to reasonably gain control over Plaintiff, and these necessary actions would not rise to a constitutional violation.

For all the reasons stated herein, Defendant's actions did not rise to the level of a constitutional violation, but in the event the Court finds they did, Defendant's actions were objectively reasonable in light of clearly established law. Thus, Defendant is entitled to invoke qualified immunity.

### D.    Plaintiff Does Not Sufficiently Allege Any Unconstitutional Use of Excessive Force

Federal courts have generally held that, when analyzing cases involving jail security or prison disturbances, there is no basis to conclude that pre-trial detainees pose any lesser security risk than convicted inmates. See Valencia v. Wiggins, 981 F.2d 1440, 1446 (5th Cir. 1993). When a court is called upon to examine the amount of force used to restore institutional security, the appropriate analysis for both pre-trial detainees and convicted inmates is that contained in Eighth Amendment jurisprudence. See id. That is, the inquiry is whether the force was applied in a good faith effort to maintain and restore discipline, or whether it was applied maliciously and sadistically for the very purpose of causing harm. See id.

Because there is often no evidence of an official's subjective intent, certain objective factors suggestive of intent become relevant. One factor to consider in this calculus is whether or not the official may have had to act quickly and decisively, and another is the extent of injury suffered by an inmate. See id. at 1446-47. The court in Valencia further summarized the relevant objective factors as follows: (1) the extent of injuries suffered; (2) the need for the application of force; (3) the relationship between

the need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of the response. See id. at 1447.

In this case, each of these objective factors indicate that there was no malicious or sadistic intent on Defendant's part to cause harm. Indeed, the facts set forth in Defendant's Affidavit and Sergeant Caldwell's Affidavit **(see Exhibits "B" and "C" to Motion for Summary Judgment)**, establish that, to the extent force was applied, it was done so in a good faith effort to ensure Defendant's own safety, the other officers' safety, and any other inmates' safety, as well as to maintain and restore order within the jail. In applying a specific factor set forth in Valencia, by his failure to provide evidence showing his alleged injury and by his failure to respond to the Request for Admission No. 5, Plaintiff has admitted that he suffered no injuries. The need for the application of force certainly became apparent when Plaintiff spit on Defendant and began kicking at him. Defendant used only the amount of force necessary to restrain Plaintiff, even after Plaintiff spit on Defendant several times. Certainly this was a reasonably perceived threat to Defendant's safety in the fact that Defendant knew Plaintiff was HIV positive. Finally, Defendant made efforts to temper the use of force by immediately gaining control of Plaintiff and escorting him to the transport van.

In addition, the Supreme Court has held that "not every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson v. McMillian 503 U.S. 1, 9-10 (1992). The Court further held that there exists some point at which the degree of force used is so *de minimis* that a court can safely assume that a reasonable person

10

could not conclude that an officer acted maliciously and sadistically. See id. "Not every push or shove, even if it may later seem unnecessary in the peace of judge's chambers, violates a prisoner's constitutional rights." Id.

Based on the foregoing, Plaintiff does not state a constitutional claim for use of excessive force by a prison official, and for this reason his official and individual capacity claims should be dismissed with prejudice.

### E.  Plaintiff's Failure to Respond to Requests for Admissions Means the Matters Within Should Be Deemed Admitted And There Are No Disputed Issues of Material Fact

In the alternative, Fed. R. Civ. P. 36 (a) provides that a party "may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26 (b)(1) set forth in the request that relate to statements or opinions of fact or of the application of the law to fact." The Rule further provides that the matters requested are deemed admitted unless a response is filed within thirty (30) days after service of the request. Rule 36 (b) states that any matter so admitted is conclusively established. See Fed. R. Civ. P. 36 (b).

Federal courts have applied Rule 36 according to its terms. When a party fails to respond to a request for admission within the thirty (30) day period, this constitutes an admission of the matter requested. See McLaurin v. Werner, 909 F. Supp. 447, 452-53 (S.D. Miss. 1995). The conclusive effect applies equally to those admissions made affirmatively as well as to those established by default, even if the matters relate to

11

material facts that defeat a party's claim. See American Automobile Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C., 930 F.2d 1117, 1120 (5th Cir. 1991).

Plaintiff's responses to the Requests for Admissions were due within thirty (30) days after service. Since these pleadings were served by mail, Fed. R. Civ. P. 6(e) allotted an additional three (3) days. Plaintiff's responses were therefore due no later than September 10, 2004. Upon review of the Court's docket, Defendant's counsel became aware that Plaintiff attempted to file responses to Defendant's Request for Admissions on October 1, 2004, but the Court returned said Responses to Plaintiff on October 4, 2004. In response to this revelation, Defendant's counsel sent Plaintiff a letter on October 14, 2004, stating what he had learned and requesting that Plaintiff forward any responses to the Requests for Admissions to Defense Counsel immediately **(see Exhibit "F" to Motion for Summary Judgment)**. To date, Plaintiff has failed to serve any responses to the Defendant's Requests for Admissions even after Defendant sent the October 14, 2004 letter. The matters contained therein should be deemed admitted and conclusively establish in accordance with Rule 36.

Plaintiff's central allegation is that he was assaulted and subjected to excessive force by Defendant during the process of being released to the Baldwin County Sheriff's Department. Plaintiff's failure to respond to the Requests for Admissions conclusively establishes that the Defendant is in no way responsible for the incident alleged in Plaintiff's Complaint and that the Plaintiff was in no way injured during his incarceration at the HCADC. They further establish that the Plaintiff has no physical, documentary, circumstantial, or other tangible evidence which supports the allegations contained in his Complaint, and that the Defendant did not violate the Plaintiff's constitutional rights

in any manner. Finally, they also conclusively establish that Plaintiff has no knowledge of any custom, policy, or practice of the Sheriff's Office which led to this alleged incident.

Based on the Plaintiff's admissions, there are no genuine issues of material fact as to the central contentions of his Complaint, and as a matter of law he cannot prove any of the elements of the Section 1983 claim. This action should be dismissed with prejudice on this basis.

### F.   Plaintiff's Emotional Damages Claim is Barred Under 42 U.S.C.A. § 1997 e(e)

Plaintiff alleges that he has suffered mental distress and pain and suffering as a result of these alleged constitutional violations. Under the Prison Litigation Reform Act, "no federal civil action may be brought by a prisoner...for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. §1997e(e). If the plaintiff fails to show a physical injury, §1997e(e) bars recovery for mental and emotional damages. See Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999). In order to determine whether a prisoner has sustained the necessary physical injury to support a claim for mental or emotional suffering, the "injury must be more than de minimis, but need not be significant." Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).

Under Section 1997e(e), Plaintiff must show evidence of a physical injury (more than de minimis) suffered due to the acts or omissions of Defendant in order to recover any mental or emotional damages. Here, Plaintiff has failed to establish that he experienced any kind of physical injury. In fact, even if the Court should find that

13

Plaintiff did suffer from a physical injury, Plaintiff admits through his failure to respond to Defendant's Request for Admission No. 5 that he was "never physically injured in any manner" during his incarceration at the HCADC. Because Plaintiff has not sufficiently alleged that he experienced a physical injury, nor has he shown proof of suffering from a physical injury due to any act or omission on the part of Defendant, he cannot recover any emotional or mental damages. Therefore, under 42 U.S.C. § 1997e(e), claims for any emotional or mental injuries against Defendant should be dismissed with prejudice.

### G. Any State Law Claims Plaintiff May Be Raising Are Barred by the State Tort Claims Act

To the extent the Complaint could be construed to allege claims under state law, they are barred by provisions of the Mississippi Tort Claims Act, Miss. Code Ann. §11-46-1, et seq. Specifically, the Tort Claims Act provides that a governmental entity shall not be liable for the claim "of any claimant who at the time the claim arises is an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution regardless of whether such claimant is or is not an inmate . . . when the claim is filed." Miss. Code Ann. §11-46-9(1)(m). In this case, it is undisputed that Plaintiff was incarcerated at the time these events allegedly occurred. Any claims Plaintiff may be raising under Mississippi law are barred by the Tort Claims Act, and should be dismissed with prejudice.

### III. Conclusion

Based on the foregoing, Defendant, Captain Rick Gaston, in his Official and Individual Capacities, hereby moves this Honorable Court to grant his Motion for Summary Judgment on the grounds that Plaintiff fails to state a claim as a matter of law

14

under 42 U.S.C. § 1983, and that, even if true, none of his allegations rise to unconstitutional use of excessive force.  Defendant prays that this Honorable Court will therefore grant his Motion and dismiss this civil action with prejudice.  Defendant prays for any such further relief as this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED THIS, the 14th day of January, 2005.

        **CAPTAIN RICK GASTON, IN HIS OFFICIAL
AND INDIVIDUAL CAPACITIES, DEFENDANT**

    BY:    **DUKES, DUKES, KEATING & FANECA, P.A.**

    BY:    _____
             CY FANECA, MSB #5128
             SARAH DEES RIMES, MSB #101555

CY FANECA, MSB #5128
SARAH DEES RIMES, MSB #101555
**DUKES, DUKES, KEATING & FANECA, P.A.**
2909 - 13TH STREET, SIXTH FLOOR
POST OFFICE DRAWER W
GULFPORT, MISSISSIPPI 39502
TELEPHONE - (228) 868-1111
FACSIMILE - (228) 863-2886

## CERTIFICATE OF SERVICE

I, CY T. FANECA, do hereby certify that I have this day delivered, via United States Mail, postage fully pre-paid, a true and correct copy of the above and foregoing pleading to:

> Timothy Oliver, #232660
> Limestone Infirmary
> 28779 Nick Davis Road
> Harvest, AL 35749

This, the 14th day of January, 2005.

_____
CY T. FANECA