IN THE UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

JUN - 2 2005

BY_____DEPUTY
J.T. NOBLIN, CLERK

Timothy Oliver (#232660)
        PLAINTIFF


v.                          CIVIL ACTION NO. 1:04cv499RRo


Captain, Gaston
        DEFENDANT




RESPONSE TO DEFENDANT
SUMMARY JUDGMENT



RECEIVED

JUN 0 2 2005

Clerk, U.S. District Court
Southern District of Miss.

IN THE UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


Timothy Oliver (#232660)
            **PLAINTIFF**


v.                                    CIVIL ACTION NO. 1:04cv499RRo


Captain, Gaston
            **DEFENDANT**


### DECLARATION IN OPPOSITION TO DEFENDANT
### MOTION FOR SUMMARY JUDGMENT


    **COMES NOW** Plaintiff, Timothy Oliver #232660, in the
above entitled case. Plaintiff make this Declaration in Opp-
osition to Defendant, Motion for Summary Judgment on my claim
concerning the use of force against me by Defendant, Capt. Ga-
ston.


    The Defendant, affidavits claim in summary, that he
along with the transporting officers took Plaintiff to the
floor in order to gain control over the Plaintiff, that Plain-
tiff began spitting again and that he attempted to sheild hims-
elf from Plaintiff spit while trying to subdue him. Defendant
states; that when him and the transporting officers gained
control of Plaintiff,Plaintiff was led outside and place into
the transporting van, where he again began spitting at Defendant.
Also, Defendant states; that he utilized only the force necessary
to gain control of Plaintiff. That his actions were necessary in

order to maintain order and security at the jail.

The Defendant are (not) entitled to Summary Judgment, because there are genuine issues of material fact to be resolved. These issues are identified by the Plaintiff, pursuant to Rule **56 Fed. R. Civ. P.** of Local Rules of this District Court. The facts are set out in this Declaration.

**#1.** On November 10, 2003, in between 12:00p.m. and 2:00p.m. I, Timothy Oliver was removed from B-Block to booking to be transfer to the State of Alabama, Baldwin County Adult Detention Center.

**#2.** While walking to booking I was asking Sgt. Caldwell and Sgt. Reese about my personal property, paperwork, and etc.

**#3.** They said that they check in the property room and my property wasn't there.

**#4.** As I, was in booking, I went into a room and dress back into my street clothing. When I, came out Sgt. Caldwell and Sgt. Reese proceeded with trying to figure out where could my property be at.

**#5.** During that time and moment the transport officer handcuff my hands behind my back and I was taken into their custody.

**#6.** I, continue to ask about my property.

#7. Capt. Gaston then appoarch and said that he did (not) have my property and for the transporting officers to get me out of his jail.

#8. Me and Capt. Gaston were exchanging words.

#9. As me and the transporting officers were exiting booking, Capt. Gaston and I continue to exchange words.

#10. The transporting officers then took me to the floor, Contrary to the Defendant affidavits, he did (not) take action with the transporting officers taking me to the floor.

#11. At that time and moment Capt. Gaston said this is where I pay you back. Now I get mine and began punching me in the face and head with his fist.

#12. The transport officer was trying to cover my head and protect me from Capt. Gaston abusive acts. Contrary to the Defendant affidavits, I was (not) spitting and the Defendant wasn't trying to subdue me.

#13. When Capt. Gaston finish punching me with his fist, the transporting officers got me off the floor and excorted me to the transporting van. Contrary to the Defendant affidavits, he did (not) take action with the transporting officers getting me off the floor, and excorting me to the transporting van, nor was I spitting.

#14. Capt. Gaston followed me and the transporting officers

to the transporting van carrying some papers.

#15. The transporting officers place me inside the van. Contrary to the Defendant affidavits, I was (not) spitting.

#16. While the transport officer was closing the door to the transporting van, Capt. Gaston said that he had something for me, holding up a clip board with a couple of papers on it.

#17. When the transport officer open the van door, Capt. Gaston came in the van.

#18. While we were fighting in the van, the transport officer pulled out his pepper spray and took aim.

#19. At that time and moment Capt. Gaston came out the van and the transport officer closed the door.

#20. During this abuse from the Defendant. I, received numerous of swollen spots, bruises and abrasions to the face and scalp.

#21. Contrary to Defendant affidavits, During these events, I was (not) a threat to the Defendant in any fashion. Rather, I lay on the floor with my hands handcuff behind my back. As well as I was inside the transporting with my hands handcuff behind my back.

#22. The foregoing factual allegations create a genuine of material fact and will, if proved at trial, entitle me to

judgment, as explained in the brief submitted with this

Declaration.


Pursuant to 28 U.S.C. § 1746, I declare under penalty

of perjury that the foregoing is true and correct.


_____

**NAME (Signature)**


5-27-05
_____

**DATE**



Sworn to and subscribed before me on this the _____
day of May, 2005.



_____

**Notary Public**



_____

**My Commission Expires**


                                                    **(SEAL)**

IN THE UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


Timothy Oliver (#232660)
          PLAINTIFF


v.                                    CIVIL ACTION NO. 1:04cv499RRo


Capt, Gaston
          DEFENDANT



### PLAINTIFF'S STATEMENT OF DISPUTED FACTUAL ISSUES

**COMES NOW** Plaintiff, Timothy Oliver #232660, in the above entitled case. Plaintiff make this Statement of Disp-uted Factual Issues to Defendant, Motion for Summary Judgment.

Defendant have moved for Summary Judgment on the Plaintiff claim concerning the use of force. Pursuant to **Local Rule 56 Fed. R. Civ. P.** of this Court, the Plaintiff submits the following list of genuine issues of material fact that require the denial of the Defendant Motion.

**#1.** Whether the actions by the Defendant against the Plaintiff was necessary.

**#2.** Whether the Plaintiff was any threat to the Defenda-nt, while Plaintiff was place inside the transporting van.

**#3.** Whether the Plaintiff was any threat to the Defenda-

nt, while was laying on the floor with his hands handcuff behind his back.

     **#4.** Whether the force utilized by the Defendant against the Plaintiff was applied in a good-faith effort to restore discipline or maliciously and sadistically to cause harm.

     **#5.** Whether the Plaintiff injuries resulted from his own acts or from the Defendant purposeful use of unnecessary force.

_Timothy Oliver_
**NAME  (Signature)**

_5-27-05_
**DATE**

**Timothy Oliver (#232660)**
**28779 Nick Davis Rd.**
**Harvest, Al**
          **35749**

IN THE UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


Timothy Oliver (#232660)
        PLAINTIFF


v.                                CIVIL ACTION NO. 1:04cv499RRo


Captain, Gaston
        DEFENDANT


## BRIEF IN OPPOSITION TO DEFENDANT
## SUMMARY JUDGMENT

**Statement of the Case;**

     This is a § 1983 action filed by Plaintiff seeking damages, a declaratory judgment, and injunctive relief based on the use of excessive force against him by Defendant. Defendant have filed a Motion for Summary Judgment as to the Plaintiff use of force claim against Defendant arguing that his conduct did (not) violate the Constitution.


**Statement of Facts;**

     The Plaintiff declaration submitted in response to the Defendant motion states that on Oct.10,2003, while Plaintiff hands was cuff behind his back and Plaintiff was on the floor, the Defendant began punching him in the face and head with his fist. Also, the Defendant abuse the Plaintiff again while the Plaintiff was place in the van with his hands still cuff behind his back, inflicting substantial injuries.

The Defendant affidavit tell a different story. The Defendant claim that since he was aware Plaintiff was HIV positive, He took immediate action to gain control over him by taking him to the floor with the transport officers, that Plaintiff began spitting again, and he attempted to shield himself from the Plaintiff spit while trying to subdue him, that once the transporting officers and him gain control of Plaintiff, Plaintiff was led outside and place in the transport van where Plaintiff again began spitting on him, that in restraining Plaintiff, he utilized only the force necessary to gain control of Plaintiff, that his actions were necessary in order to maintain order and security at the jail, and were also necessary to preserve (not) only his own health but also the health of Sergeant Caldwell and the Baldwin County officers.

### ARGUMENT

### POINT 1

**THERE ARE GENUINE ISSUES OF MATERIAL FACT THAT PRECLUDE SUMMARY JUDGMENT FOR THE DEFENDANT ON THE PLAINTIFF USE OF FORCE CLAIM.**

Summary judgment is to be granted only if the record before the court shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." **Rule 56(c), Fed.R.Civ.P.** A "material" fact is one that "might affect the outcome of the suit under the governing law." **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248 (1986).

The affidavit of the Plaintiff and the Defendant are squarely contradictory as to what force was used, when it was used, and why it was used. The allegations in the Plaintiff's

affidavit portray a completely needless use of force against

an inmate who was abuse while he was laying on the floor with

his hands cuff behind his back and who was abuse while he was

in the transport van with his hands still cuff behind his back.

This is clearly a genuine issue of fact.

The factual dispute is also material. Under the gover-

ning law, whether the use of force by prison staff violates the

Eighth Amendment depends on whether it was "applied in good-

faith effort to maintain or restore discipline or maliciously

and sadistically to cause harm." Hudson v. McMillian,____ U.S.

____, 112 S.Ct. 995, 998-99 (1992); Whitley v. Albers, 475 U.S.

312, 320-21, 106 S.Ct. 1078 (1986). The facts alleged by the

Plaintiff are evidence that the Defendant were acting "malici-

ously and sadistically to cause harm"; they would support a jury

verdict in the Plaintiff's favor. See Miller v. Leathers, 931 F.

2d 1085, 1088 (4th Cir. 1990) (en banc) (retaliatory intent cou-

ld be inferred from officer's action), cert. denied, 111 S.Ct.

1018 (1991); Oliver v. Collins, 914 F.2d 56, 59 (5th Cir. 1990)

testimony that a beating was completely gratuitous and that no

force at all was necessary would support a finding of malice);

Lewis v. Downs, 774 F.2d 711, 714 (6th Cir. 1985) (evidence

that an officer kicked a handcuffed person who was lying on

the ground showed malicious motivation).

## CONCLUSION

For the foregoing reasons, the Defendant Motion for

Summary Judgment should be denied.

5-27-05

**DATE**


Timothy Oliver (#232660)
28779 Nick Davis Rd.
Harvest, Al.
            35749

IN THE UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

Timothy Oliver (#232660)
                    PLAINTIFF


v.                                          CIVIL ACTION NO. 1:04cv499RRo


Captain, Gaston
                    DEFENDANT


        IN SUPPORT OF PLAINTIFF DECLARATION IN OPPOSITION TO
DEFENDANT MOTION FOR SUMMARY JUDGMENT

Please See; Exhibits 1-7

Exhibit "1"- Baldwine County Sheriff's Office
Corrections Center Activity Report.

Exhibit "2"- Statement from Baldwine County Officer.

Exhibit "3"- Pictures of Plaintiff head & Scalp

Exhibit "4"- Picture of Plaintiff head Face.

Exhibit "5"- Picture of Plaintiff scalp.

Exhibit "6"- Picture of Plaintiff scalp.

Exhibit "7"- Plaintiff Affidavit.

Exhibit "I"



# BALDWIN COUNTY SHERIFF'S OFFICE
## CORRECTIONS CENTER
### ACTIVITY REPORT

| DATE OF ACTIVITY | TIME OF ACTIVITY | OFFICER REPORTING | SHIFT | ACTIVITY REPORT NUMBER |
|---|---|---|---|---|
| 10/10/2003 | 1310 | CPL. CRAFT | 1ST | 1132101003 |

| SUPERVISOR'S NAME | PLACE ACTIVITY OCCURRED |
|---|---|
| CPT. BENNETT | HARRISON CO DOCKET ROOM |

**TYPE OF ACTIVITY:** (X) CRIMINAL OFFENSE  ( ) VIOLATION OF CORRECTIONS CENTER RULES
( ) DAMAGE TO CORRECTIONS CENTER  ( ) COMPLAINT  ( ) EMERGENCY: TYPE _____
( ) OTHER

| NAME OF PERSON(S) INVOLVED | BCIN | STATUS | STATEMENT TAKEN |
|---|---|---|---|
| OLIVER, TIMOTHY | 68386 | MAX/PRETRAIL | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**IF THERE ARE MORE THAN TEN PEOPLE INVOLVED USE ADDITIONAL ACTIVITY REPORT FORM TO LIST THEM**

| WARRANT SIGNED ( ) YES | OFFICER SIGNING WARRANT | DATE SIGNED | CHARGE |
|---|---|---|---|
| DISCIPLINARY ACTION TAKEN ( ) YES | DATE OF HEARING | TIME OF HEARING | ACTION OF DISCIPLINARY BOARD: |

**OTHER ACTION TAKEN:** ( ) SEE NARRATIVE  ( ) NO ACTION TAKEN  ( ) OTHER

**CONTENTS OF ACTIVITY REPORT:**

| ACTIVITY REPORT FORM(S): | NARRATIVE FORM(S): | STATEMENT(S): | EVIDENCE FORM(S) | OTHER: |
|---|---|---|---|---|
| 1 | 1 | 0 | | |

| REPORTING OFFICER'S SIGNATURE | DATE COMPLETED | SUPERVISOR'S SIGNATURE | DATE REVIEWED |
|---|---|---|---|
| CPL Craft | 10-10-03 | | -10·13·03 |

Exhibit "L"

On Oct. 10, 2003 myself, Corrections Officer PARTAIN, and C/O CRAFT, both of Baldwin County Correctional Facility was sent to pick up Timothy OLIVER, an inmate of the Harrison County Adult Detention Center in Gulf Port, MS.and bring him back to Baldwin County on charges.

We arrived at the Harrison County jail at 1250 and went inside to pick up Mr. OLIVER.

While Mr. OLIVER was getting dressed we was informed by the docket staff that he likes to fight officers. When he was dressed out myself and Officer CRAFT took Mr. OLIVER into our custody. I handcuffed Mr. OLIVER behind his back and Mr. OLIVER was asking about his paperwork and property. Captain GASTON said he did not have his property and for us to, "get him out of my jail". As we were walking out of the docket area. OLIVER and GASTON were exchanging words. At this time OLIVER spit on GASTON and kicked him. Officer CRAFT and myself took OLIVER to the floor as he kept trying to kick.. Officer CRAFT had his upper body and I had his legs. At this time Captain GASTON said, "now I get mine, I have you" and began punching OLIVER in the face and head with his fists. I tried to cover OLIVER's head with my leg and hand to protect him. When Captain GASTON had finished hitting OLIVER, Officer CRAFT and myself took Mr. OLIVER and headed for our van. Captain GASTON followed us carrying some papers. When we put OLIVER in the van and was closing the door, Captain GASTON said, "I got something for him", holding up the papers. So Officer CRAFT opened the door and GASTON threw the papers at OLIVER and jumped in the van after him. As the were fighting in the van I pulled out my pepper spray and took aim. At this time Captain GASTON jumped out of the van and we closed the door, picked up the papers and left.

Upon arriving at the Baldwin County jail we took OLIVER to docket and reported the incident to Sgt. MEANS, Sgt. LOVETT, and Capt. BENNETT. OLIVER was taken to medical and checked out and talked to by Capt. BENNETT where he was asked by Capt. BENNETT if OLIVER was treated bad by Officer CRAFT and Officer PARTAIN and OLIVER said, "no, they treated me well and protected me."

P.F.C. Lonnie Part
10/13/03

Exhibit "3"





10/10/03



10/10/03



10/10/03

Exhibit "A"

COPY



10/10/03

Exhibit "S"



COPY

10/10/03

Exhibit "b"



10/10/03

IN THE UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


Timothy Oliver (#232660)
          PLAINTIFF


v.                                    CIVIL ACTION NO. 1:04cv499RRo


Captain, Gaston
          DEFENDANT


### AFFIDAVIT OF TIMOTHY OLIVER

On November 10, 2003, in between 12:00p.m. and 2:00-
p.m. I, Timothy Oliver was removed from B-Block to booking
to be transfer to the State of Alabama, Baldwin County Adult
Detention Center. While walking to booking I was asking Sgt.
Caldwell and Sgt. Reese about my personal property, paperwork,
and etc. They said that they check in the property room and my
property wasn't there. As I was in booking I went into a room
and dress back into my street clothing. When I came out Sgt. C-
adwell and Sgt. Reese proceeded with trying to figure out where
could my property be at. During that time and moment the trans-
port officer handcuff my hands behind my back and I was taking
into their custody. I, continue to ask about my property. Capt.
Gaston then appoarch and said that he did (not) have my proper-
ty and for the transport officers to get me out of his jail. Me
and Capt. Gaston were exchanging words and as me and the trans-
port officers were exiting booking we continue to exchange words.
The transport officers took me to the floor at that time and mo-

ment Capt. Gaston said this is where I pay you back, Now I
get mine and began punching me in the face and head with his
fist. The transport officer was trying to cover my head. When
Capt. Gaston finish punching me in the face and head with his
fist, the transport officers got me off the floor and excorted
me to the transport van. Capt. Gaston followed us to the van
and when the transport officer was closing the door, Capt. Gas-
ton said that he had something for me, holding up a clip board
with some papers on it. When the transport officer open the
door Capt. Gaston came in the van and as we were fighting the
transport officer pulled out his pepper spray with aim.


    I certify the above declaration is true and correct under
penalty of perjury.

_Timothy Oliver #232660_
AFFIDAVIT TIMOTHY OLIVER (#232660)


    Sworn to and subscribed before me on this the_____day
of_____ 2005.


    _____
    NOTARY PUBLIC


    _____
    My Commission Expires.