# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**TIMOTHY OLIVER, #232660**                                                                       **PLAINTIFF**

**VERSUS**                                                            **CIVIL ACTION NO. 1:04cv499-LG-JMR**

**CAPTAIN RICK GASTON**                                                           **DEFENDANT**

## ORDER

At the time this complaint was filed, the Plaintiff was incarcerated in the Limestone Correctional Facility in Harvest, Alabama. Consequently, the Plaintiff will likely be unable to attend a hearing or trial in this matter. The Plaintiff has neither brought this situation to the court's attention nor sought any relief from his predicament. Nonetheless, because the Plaintiff is proceeding *pro se*, the court may not permit the trial date to arrive, with the Plaintiff being unable to attend, and then dismiss the action for Plaintiff's failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Fundamental fairness requires the court to explain to the Plaintiff the procedures and methods for avoiding such a happenstance.

A prisoner *does not* have a constitutional right to be present at his own civil trial. *Holt v. Pitts,* 619 F.2d 558, 560-561 (6th Cir. 1980). However, if an inmate wishes to be present, the court cannot exclude a him from attending his trial, or pretrial hearings, without considering the circumstances. Federal courts are permitted, pursuant to 28 U.S.C. §2241(c)(5), to issue a writ of habeas corpus, directed to a prisoner's custodian, whenever "it is necessary to bring him into court to testify or for trial." The court exercises that power through issuance of a writ of *habeas corpus ad testificandum*. *Ballard v. Spradley*, 557 F.2d 476, 480 (5th Cir. 1977). If a prisoner plaintiff wants to make sure that he or his inmate witnesses are transported from prison to trial, he must petition the court for such a writ.

In determining whether to issue the writ, the court may use its discretion in determining whether issuance of the writ is appropriate under the circumstances. Factors to be considered in making such a determination are "whether the prisoner's presence will substantially further the resolution of the case, the security risks presented by the prisoner's presence, the expense of the prisoner's transportation and safekeeping, and whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted." *Ballard*, 557 F.2d at 480, *quoted in Latiolais v. Whitley*, 93 F.3d 205, (5th Cir. 1996). Thus, the court must weigh the interest of the plaintiff in presenting live testimony against the costs, security risks, and inconvenience that would be involved in the inmate's transportation and safekeeping. The court must also determine whether the issues in the case involve substantial rights which deserve special and/or prompt attention that counterbalance the costs, security risks, and inconvenience of transportation. However, the court must also consider the effects that a transportation order will have on the correctional system and any circumstances peculiar to the individual case. *Ballard*, 557 F.2d at 480-481. Finally, if a plaintiff's release is imminent, it will normally be preferable to postpone the trial. *Heidelberg v. Hammer,* 577 F.2d 429, 431 (7th Cir. 1978); *Ballard.* The court should also consider whether the trial will be before a jury; whether the plaintiff or a particular witness will be the only witness who can speak to the plaintiff's side of the matters at issue; whether the defendants plan to take the witness stand; the significance of the intended testimony; the degree to which credibility will be an issue in the trial; and, in general, whether the plaintiff's presence will materially further the resolution of the case. *See, e.g., Latiolais*, 93 F.3d at 208.

If the request for a writ *ad testificandum* is denied, a court may use a number of alternatives to permit resolution of the merits of the dispute. The court may consider conducting the trial through a *de bene esse* deposition (a deposition taken for the purpose of preserving testimony, which may

be used at trial if the witness is not then available). Such a deposition can be videotaped, audiotaped, or stenographically transcribed. Under the rules, wide latitude is permitted in the methods of recording the deposition. In fact, under Fed. R. Civ. P. 30(b)(7), the deposition could be conducted over the telephone. Finally, in a civil case, a court has limited power to compel attendance of out-of-state witnesses under Rule 45(e), Fed.R.Civ.P.

In requesting a writ *ad testificandum*, the court requires the Plaintiff to identify his custodian, his expected release date, and the nature of his convictions. He must relate in some detail the particular facts about which he will testify, why this testimony is necessary or relevant to proving his case, and why the testimony could not be submitted by way of deposition, instead of testifying in person. The same procedures will be followed if the Plaintiff requests a witness. The Plaintiff should also address the issue of whether it would be possible to dispose of the case by means other than an in-court trial with witnesses.

IT IS, THEREFORE, ORDERED that the Plaintiff shall inform the court as to whether he wishes to attend hearings in this matter, and, if so, fully complete the attached Out-of-State Witness Information Form, "Exhibit A", and return one copy to the Clerk of the court for filing and return a separate copy to the office of the undersigned United States Magistrate Judge, on or before November 20, 2006.

IT IS SO ORDERED, this the   2nd   day of November, 2006.

                                                                                     s/ John M. Roper
                                          UNITED STATES MAGISTRATE JUDGE