IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**TIMOTHY OLIVER, #232660**                                          **PLAINTIFF**

**VERSUS**                                         **CIVIL ACTION NO.  1:04cv499-LG-JMR**

**CAPTAIN RICK GASTON**                                            **DEFENDANT**

## ORDER TO SHOW CAUSE

This matter comes before the Court *sua sponte*, due to the failure of the Plaintiff to advise this Court of his change of address.  The Plaintiff was advised of his duty to inform the Court of any change of address when he filed his complaint on April 28, 2004.  The Court notes that on November 8, 2007, the envelope containing it's Order [55-1] Re-opening the Case was returned and marked return to sender [58-1].  On October 25, 2007, Plaintiff filed a Motion [57-1] to Re-open his case.[1] In the Motion, Plaintiff states that he was "transferred then discharged from last known address" and that "upon returning to Louisiana" he did not have a home address. *See* Motion [57-1] to Re-open Case p.1.  However, in the Motion, Plaintiff lists his address as St. Tammany Parish Jail, P.O. Box 908, Covington, La 70434.  This address is the exact address Plaintiff has used for all court filings since his last address change on August 27, 2007.

On August 29, 2007, Plaintiff filed a Motion [54-1] to Produce Documents.  On November 28, 2007, the Court granted Plaintiff's Motion and mailed him a copy of the Docket Sheet, Complaint [1-1], Answer [8-1], Defendant's Motion for Summary Judgment [20-1], the Memorandum of Support [21-1], the Court's Report and Recommendation [34-1] along with a copy

---

[1]The Court later ruled that the Motion [57-1] to Re-open was moot because the Court had previously entered the Order [55-1] which re-opened Plaintiff's case.

of the Court's Order [60-1] granting his motion for copies. On December 12, 2007, all the documents listed above were returned to the Court and marked "return to sender."

Incarcerated Plaintiffs have a duty to inform the court upon a change of address. *See Danner v. Tolbert*, No. 3-01-CV-0579-X, 2001 WL 492391 *1 (N.D. Tex. 2001); *Shannon v. St. of La.*, Civil Action No. 87-3951, 1988 WL 54768 *1 (E. D. La. 1988); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(affirming the district court's dismissal after passing of sixty days from time of return mail without further notice to the prisoner). Failure to advise the court of a change in the Plaintiff's address may result in dismissal. *See Danner*, No. 3-01-CV-0579-X, 2001 WL 492391 at *1; *Shannon*, Civil Action No. 87-3951, 1988 WL 54768 at *1; *Carey*, 856 F.2d at 1440-41. In the words of the Fifth Circuit:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Perkins v. King*, No. 84-3310, slip op. at 4 (5th Cir. March 19, 1985).

Additionally, Federal Rule of Civil Procedure 41(b), titled "Involuntary Dismissal: Effect Thereof," provides as follows: "For failure of the Plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." FED. R. CIV. P. 41(b). Even though the Rule speaks in terms of dismissal on motion of a defendant, it is well settled that the court has the inherent authority to dismiss *sua sponte* for want of prosecution. "The authority of the a federal trial court to dismiss a Plaintiff's action with prejudice because of failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to

avoid congestion in the calenders of District Courts." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30 (1962). *See also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)(per curiam)(addressing Rule 41(b) dismissal of prisoner's lawsuit); *Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)(discussing the district court's Rule 41(b) discretion).

Considering these circumstances, and out of an abundance of caution, the Court will order the Plaintiff to show cause to this court within 20 days of the entry of this Order, or by no later than January 3, 2008, why this case should not be dismissed for failure to prosecute as evidenced by the failure of the Plaintiff to advise this court of his change of address. **Failure to comply with this Order within the prescribed period will result in immediate dismissal of this case, with prejudice, without further notice to the Plaintiff.** It is therefore,

ORDERED AND ADJUDGED that the Plaintiff show cause to this Court why this case should not be dismissed for failure to prosecute within 20 days of the date of entry of this order, or by no later than January 3, 2008. It is further,

ORDERED that Plaintiff's failure to timely comply with this, or any order from this Court, will be deemed as a purposeful delay and contumacious act by Plaintiff and will result in this cause being dismissed without prejudice and without further notice to Plaintiff. It is further,

ORDERED that Plaintiff is required to file his original response to this Order to Show Cause with the Clerk, 2012 15th Street, Suite 403, Gulfport, Mississippi 39501 on or before January 3, 2008. Failure to properly file a response may result in this civil action being dismissed.

SO ORDERED this the __14th__ day of December, 2007.



CHIEF UNITED STATES MAGISTRATE JUDGE