## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**TIMOTHY OLIVER, #232660**                                                                 **PLAINTIFF**

**VERSUS**                                **CIVIL ACTION NO. 1:04cv499-LG-JMR**

**CAPTAIN RICK GASTON**                                                    **DEFENDANT**

### REPORT AND RECOMMENDATION

This matter comes before the Court *sua sponte*, due to the failure of the plaintiff, Timothy Oliver, to advise this Court of his change of address as well as Plaintiff's failure to comply with the Court's Order [63-1] to Show Cause. The Plaintiff was advised of his duty to inform the Court of any change of address when he filed his complaint on April 28, 2004. The Court notes that on November 8, 2007, the envelope containing it's Order [55-1] Re-opening the Case was returned and marked return to sender [58-1]. On October 25, 2007, Plaintiff filed a Motion [57-1] to Re-open his case.[1] In the Motion, Plaintiff states that he was "transferred then discharged from last known address" and that "upon returning to Louisiana" he did not have a home address. *See* Motion [57-1] to Re-open Case p.1. However, in the Motion, Plaintiff lists his address as St. Tammany Parish Jail, P.O. Box 908, Covington, La 70434. This address is the exact address Plaintiff has used for all court filings since his last address change on August 27, 2007.

On August 29, 2007, Plaintiff filed a Motion [54-1] to Produce Documents. On November 28, 2007, the Court granted Plaintiff's Motion and mailed him a copy of the Docket Sheet, Complaint [1-1], Answer [8-1], Defendant's Motion for Summary Judgment [20-1], the Memorandum of Support [21-1], the Court's Report and Recommendation [34-1] along with a copy

---

[1] The Court later ruled that the Motion [57-1] to Re-open was moot because the Court had previously entered an Order [55-1] re-opening Plaintiff's case. Plaintiff's case had been administratively closed due to the criminal investigation of the Defendant.

of the Court's Order [60-1] granting his motion for copies. On December 12, 2007, all the documents listed above were returned to the Court and marked "return to sender." *See* Docket Entry [62-1]. On December 14, 2007, this Court entered an Order [63-1] to Show Cause requiring the Plaintiff to show cause, no later than January 3, 2008, as to why this case should not be dismissed for failure to prosecute or otherwise inform this Court of his change of address. The Court cautioned Plaintiff that his failure to timely comply with the Order would be deemed as a purposeful delay and contumacious act by Plaintiff and would result in this cause being dismissed without prejudice and without further notice to Plaintiff. The Court notes that on December 21, 2007, mail containing the Order [63-1] to Show Cause was returned by the post office as undeliverable.[2] *See* Docket Entry [64-1].

Incarcerated plaintiffs have a duty to inform the court upon a change of address. *See Danner v. Tolbert*, No. 3-01-CV-0579-X, 2001 WL 492391 *1 (N.D. Tex. 2001); *Shannon v. St. of La.*, Civil Action No. 87-3951, 1988 WL 54768 *1 (E.D. La. 1988); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(affirming the district court's dismissal after passing of sixty days from time of return mail without further notice to the prisoner). Failure to advise the court of a change in the plaintiff's address may result in dismissal. *See Danner*, No. 3-01-CV-0579-X, 2001 WL 492391 at *1; *Shannon*, Civil Action No. 87-3951, 1988 WL 54768 at *1; *Carey,* 856 F.2d at 1440-41. In the words of the Fifth Circuit:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes

---

[2]The Court also notes that a copy of a Text Only Order, entered on December 11, 2007, was also returned as undeliverable. *See* Docket Entry [65-1].

normally would be reflected by those inquiries if made in writing.

*Perkins v. King*, No. 84-3310, slip op. at 4 (5th Cir. March 19, 1985).

Additionally, Federal Rule of Civil Procedure 41 (b), titled "Involuntary Dismissal: Effect Thereof," provides as follows: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." FED. R. CIV. P. 41(b). Even though the Rule speaks in terms of dismissal on motion of a defendant, it is well settled that the court has the inherent authority to dismiss *sua sponte* for want of prosecution. "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of failure to prosecute cannot be seriously doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of District Courts." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30 (1962.) *See also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam) (addressing Rule 41(b) dismissal of prisoner's lawsuit); *Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (discussing the district court's Rule 41(b) discretion).

To date, the Plaintiff has failed to provide notice to the Court of a change of address or respond to the December 14, 2007, Order [63-1] to Show Cause. Based on the foregoing, this Court is of the opinion that Plaintiff has failed to advise this Court of his change of address and that this failure is indicative of a lack of interest in pursuing this cause and delays the expeditious resolution of other cases. Furthermore, this Court is of the opinion that the Plaintiff has failed to show cause why this case should not be dismissed, as ordered by this Court on December 14, 2007. Therefore, this Court recommends that this cause be dismissed without prejudice for Plaintiff's failure to prosecute.

In accordance with the Rules of this Court, any party, within ten days after being served a

copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

     THIS the   11th   day of February, 2008.

                                                        s/ John M. Roper, Sr.
                                          CHIEF UNITED STATES MAGISTRATE JUDGE